NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DIRECTV, INC.,

        Plaintiff,

v.

GEORGE HERMANN, JR.,

        Defendant.

Hon. Dennis M. Cavanaugh

**OPINION**

Civil Action No. 03-2214 (DMC)

DENNIS M. CAVANAUGH, U.S.D.J.:

    This matter comes before the Court upon motion by DIRECTV ("Plaintiff") for Entry of Final Judgment by Default pursuant to Federal Rule of Civil Procedure 55 against George Hermann Jr. ("Defendant"). In this motion, Plaintiff seeks damages, an injunction, and attorney's fees and costs. Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. After careful review of the record, Plaintiff's Motion for Default Judgment is **granted**.

### I. Background

    Plaintiff provides television programming to residential and business customers on a subscription and pay-per-view basis only. (Plaintiff's Brief in Support of its Motion for Default Judgment ("Pl. Br.") at 1). Plaintiff encrypts, or electronically scrambles, all of its satellite transmissions to make them secure and prevent unauthorized viewing of satellite television programming. Id. In addition to establishing an account with Plaintiff, each customer must

obtain certain hardware including an access card, a small satellite dish and an integrated receiver decoder. Id. When Plaintiff activates the access card, the customer may then legally receive and view the channels to which they have subscribed or purchased from Plaintiff. Id.

Simultaneously with the creation of DIRECTV, a number of companies began engaging in the sale of illegal equipment designed to modify or circumvent Plaintiff's signal-scrambling technology. (Id.) As a result, on November 29, 2001, Plaintiff and local law enforcement searched a mail shipping facility and obtained a substantial amount of sales records, shipping records, emails, credit card receipts and other records. (Id. at 2). During the search, Plaintiff obtained business records, which indicated Defendant purchased a "T6 Waveboard" on or about October 30, 2001. (Id.) This device was shipped to Defendant's address in Edison, New Jersey. (Id.) Plaintiff also has records showing that Defendant had accounts with it during the relevant times periods. (Id.) This information indicates, Defendant had all of the necessary equipment to unlawfully intercept Plaintiff's signal. (Id. at 3).

Plaintiff further alleges Defendant received and assisted others in illegally transmitting television programming and that Defendant knew or should have known that receiving Plaintiff's satellite transmissions of television programming without making payments is illegal. (Id.) Finally, Plaintiff claims Defendant possessed and used private access devices with the knowledge that these devices are designed primarily for the unauthorized decryption of Plaintiff's satellite transmissions of television programming. (Id.)

Plaintiff filed its Complaint in this Court on May 15, 2003, alleging Defendant violated the Federal Communications Act of 1934, 47 U.S.C. § 605, and the Electronic Communications

Privacy Act, 18 U.S.C. §§ 2510-2521. (Plaintiff's Complaint ("Pl. Compl.") at 1.) Defendant was served with the Summons and Complaint and has not filed an Answer. (Pl. Br. at 3). Upon the direction of this Court, Plaintiff has now moved for Default Judgment against Defendant. (Id.) Plaintiff seeks $10,000 in statutory damages for a single violation of § 2511 or § 2512, attorney's fees and costs and injunctive relief. (Pl. Br. at 23).

## II. Discussion

### A. Standard for Default Judgment

Federal Rule of Civil Procedure 55 governs the entry of default judgment. Fed. R. Civ. P. 55(b)(2). Default judgment is generally disfavored because it prevents a resolution of a plaintiff's claims on the merits. Thus, when considering a motion for default judgment, a court must exercise sound judicial discretion. Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988). However, once a default judgment is entered, "it generally is treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded and is given the same effect as between the parties as a judgment rendered after a trial on the merits." 10 Wright et al., Federal Practice and Procedure, § 2684 at 419-20. In other words, when a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). It should be noted, however, that a party seeking default judgment is not entitled to such relief as a matter of right, even where the defendant is technically in default. See E.I. Dupont de Nemours & Co. v. New Press, Inc., 1998 WL 159050, at *2 (E.D. Pa., March 16, 1998) (citing 10 Wright et al., Federal Practice and Procedure § 2685).

## B. Damages

Plaintiff claims Defendant violated 18 U.S.C. § 2511(1)(a) and § 2512(1)(b) by purchasing and using illegal access devices designed to intercept Plaintiff's satellite transmissions with the intent of avoiding payment for these services. (Pl. Compl. at 2). 18 U.S.C. § 2520(a) allows "any person" whose "electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" to recover in a civil action from "the person or entity" that engaged in the violation. Available remedies include equitable relief, damages, reasonable attorney's fees, and other litigation costs. 18 U.S.C. § 2520(b). The "person" allowed to seek relief is any party injured by the defendant's conduct. 18 U.S.C. § 2510(6). "Person" has been defined as including corporations. Id. Therefore, Plaintiff has standing to bring this action against Defendant for violating § 2511(1)(a) and § 2512(1)(b).

The Electronic Communications and Privacy Act, § 2520 allows plaintiffs to recover either actual damages or "statutory damages of whichever is greater of $100 a day for each day of violation or $10,000." 18 U.S.C. § 2520(c)(2). Statutory Damages are designed to not only make the plaintiff whole, but to serve as a deterrent by penalizing the wrongdoer. Schnall v. Amboy Nat'l Bank, 279 F.3d 205, 216-17 (3d Cir. 2002). Regardless of whether a plaintiff actually suffered economic harm, statutory damages may still be awarded to serves as a deterrent. Id.

Defendant's actions have caused Plaintiff to suffer economic loss. By intercepting and decrypting Plaintiff's satellite transmissions, Defendant has avoided paying for Plaintiff's services while receiving a benefit of free access to its programs. Every time a signal from

DIRECTV is illegally intercepted, Plaintiff loses revenue. Defendant's violation began on or about October 30, 2001. (Pl. Br. at 2). Although Plaintiff lost revenue due to Defendants' actions, it is difficult to quantify the damages due to the nature of the offense. Due to its inability to calculate the amount of damages, Plaintiff has requested this Court award the statutory amount of $10,000 for damages. (Pl. Br. at 23). Due to the nature of Defendants' violation and the need for this Court to fashion a statutory penalty sufficient to deter similar conduct, $10,000 is awarded.

### C. Attorneys' Fees.

Under 47 U.S.C. § 605 (e)(3)(B)(iii) plaintiffs may recover reasonable attorney's fees if they prevail. "The court shall direct the recovery of full costs, including awarding reasonable attorney's fees to an aggrieved party who prevails." 47 U.S.C. § 605 (e)(3)(B)(iii). Therefore Plaintiff's request for $1,727.00 for legal fees, $21.43 in filing fees, and $55.00 in service fees is granted . Accordingly, Defendant must pay a total of $1,308.00 to Plaintiff.

### D. Injunctive Relief

The Communications Act provides that a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) [of the Communications Act]." 47 U.S.C. § 605(e)(3)(B)(i). The Electronic Communications Privacy Act provides that a court may award "such preliminary and other equitable or declaratory relief as may be appropriate." 18 U.S.C. § 2520(b)(1). Accordingly, this Court permanently enjoins Defendant from committing or assisting in the commission of any further violation of 47 U.S.C. § 605, 18 U.S.C. § 2511 or § 2512.

### III. CONCLUSION

For the foregoing reasons, DIRECTV's Motion for Default Judgment is **granted**.

DIRECTV's request for damages and litigation costs is **granted** in the sum of $11,803.43 from Defendant. An Order accompanies this Opinion.

　　　　　　　　　　　　　　　　　　　　　　　Dennis M. Cavanaugh, U.S.D.J.

Date:      October 24, 2005
Original:  Clerk's Office
Copies:    All Counsel of Record
           File